# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **INTERSTATE AGREEMENT ON** |
| | ) | **DETAINERS ORDER** |
| vs. | ) | |
| | ) | Case No.: 1:17-cr-253 |
| Lonnie Alonzo Howard, a/k/a Lonnie M. Howard, | ) | |
| | ) | |
| Defendant. | ) | |

On January 9, 2019, defendant made his initial appearance and was arraigned in the above-entitled action. AUSA David Hagler appeared on the Government's behalf. Attorney Mark Meyer appeared on defendant's behalf.

Prior to his initial appearance, defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

At his initial appearance and arraignment, defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the Indictment are adjudicated. On January 10, 2019, defendant and the Government an "Interstate Agreement on Detainers Anti-Shuttling Waiver Stipulation." Based on the waiver, the court finds that defendant knowingly, voluntarily, and upon advice

1

of counsel waived the anti-shuttling provisions of the IADA and agreed to return to the custody of the State of North Dakota (the "sending state" under the IADA) at the NDSP pending further proceedings in this case initiated by the United States (the "receiving state" under the IADA).

Accordingly, defendant is remanded to the custody of the United States Marshal's Service for the purpose of returning defendant to the custody of the "sending state," where he shall be housed pending further proceedings or until further order of the court. Further, pursuant to defendant's waiver, the return of the defendant to his place of incarceration pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the Indictment.

Dated this 11th day of January, 2019.

                                            */s/ Charles S. Miller, Jr.*
                                            Charles S. Miller, Jr., Magistrate Judge
                                            United States District Court